**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARY J. WHITE**                                                                                            **PLAINTIFF**

**V.**                              **CASE NO. 4:15-CV-00690 KGB/JTK**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                                **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.     Introduction**:

Plaintiff, Mary J. White, applied for Title II disabled widow's benefits, Title XVI supplemental security income, and Title II disability insurance benefits on March 6, 2012, alleging a disability onset date of September 16, 2011. (Tr. at 12; 185-198).  After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 22).  The Appeals Council denied White's request for review.  (Tr. at 1).  The ALJ's decision now stands as the final decision of the Commissioner, and White has requested judicial review.

For the reasons states below, the Court should reverse the ALJ's decision and remand for further review.

## III.   The Commissioner's Decision:

The ALJ did not consider White's supplemental security income claim or her disability insurance benefits claim. He only considered her disabled widow's claim, and he determined her widow's benefits period ended on January 31, 2005, so he held that she must prove disability before that date. (Tr. at 12). The ALJ determined that White had not engaged in substantial gainful activity since the alleged onset date of September 16, 2011. (Tr. at 14), The ALJ found at Step Two that White has the following severe impairments: musculoskeletal disorder (osteoarthritis) and cardiovascular disorder (hypertension).  *Id.*  He found her depression and anxiety not to be severe impairments. (Tr. at 15). At Step Three, the ALJ determined that White's impairments did not meet or equal a listed impairment. (Tr. at 16). Before proceeding to Step Four, the ALJ determined that White had the residual functional capacity ("RFC") to perform the full range of medium work.  *Id*. Next, the ALJ found that White was capable of performing past relevant work.  (Tr. at 21). Therefore, the ALJ held that White was not disabled.  (Tr. at 22).

## IV.    Discussion:

A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence

that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.  White's Arguments on Appeal

White argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ erred by: 1) not considering her supplemental security income and disability insurance claims; 2) not finding White's depression to be a severe impairment; 3) failing to conduct a proper and complete credibility analysis; 4) assigning the incorrect RFC; and 5) failing to properly utilize the vocational expert testimony.

The Court should reverse based on the ALJ's failure to conduct a proper or complete credibility analysis. The ALJ must give *full consideration* to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of the pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984); 20 C.F.R. § 404.1529. The ALJ is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Id.* The ALJ is not required to discuss methodically each *Polaski* consideration, so long as the ALJ acknowledges and examines those considerations before discounting the claimant's subjective complaints. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). Courts will defer to the ALJ's

credibility findings when *Polaski* is considered, even if every factor is not discussed in depth. *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008); *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).

The ALJ did not conduct a full credibility analysis as prescribed by *Polaski*.  He made a passing mention of the White's daily activities, but did not equate them with credibility.  He did not discuss efficacy, dosage or side effects of medication (he only mentioned that she was taking various medications).  He did not address duration, frequency, or location of pain.  Nor did he discuss precipitating or aggravating factors.  He made no mention of functional restrictions or the lack thereof.  Finally, he failed to address at all the nearly twelve pages of hearing testimony from White's daughter.  *Polaski* requires that an ALJ consider observations by third parties.  While an ALJ need not mention all of the *Polaski* factors, or discuss them in detail, he at least needs to explain how he reached his credibility determination under *Polaski*.  He may not leave that analysis up to the Court.  Boilerplate language will not suffice.  Here, the Court cannot discern a proper credibility analysis from the ALJ's opinion.  This failure is grounds for reversal.

The RFC, depression, and vocational expert arguments put forth by White need not be reached by the Court, as they relate directly to White's credibility and cannot be properly analyzed absent a *Polaski* discussion.

It is clear that the ALJ did not consider all of White's applications.  The heading of the decision only lists "Widow's Insurance Benefits" and not supplemental security income or disability insurance benefits.  (Tr. at 12).  Arguably, the ALJ made the wrong determination on White's window of disability because he did not consider all of the claims.  That is not for this Court to determine.  The ALJ's failure to consider and address all of White's claims was clear error.  Upon

remand, the ALJ must make a proper credibility determinations and rule on all of White's claims.

**IV.     Conclusion:**

For the reasons stated above, the Court should find that the ALJ's decision is not supported by substantial evidence. The ALJ failed to conduct a proper and complete credibility analysis. The decision should be reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 20th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE